## OSKALOOSA COLLEGE V. HULL.

Contract: SCHOLARSHIP NOTE. In an action upon a note given in consideration of a scholarship in a college, and the benefits of tuition therein to be furnished on condition that the note should be paid according to its tenor, it cannot be shown for the purpose of defeating the action, that the plaintiff has rented out its college building to incompetent teachers who receive their compensation from the tui-

Oskaloosa College v. Hull.

tion paid, and that the school is so badly kept that tuition therein would be of no benefit to pupils. While defendant with others with-holds the means designed to furnish the institution support, he is in no condition to complain.

*Appeal from Mahaska District Court.*

TUESDAY, JUNE 23.

PLAINTIFF declares upon a "scholarship note," dated February 5, 1864, payable, "for value received," in five equal annual installments, the first due January 1, 1865, with interest at ten per cent, payable annually, "it being for the purpose of endowing and furnishing said college."

Defendant set up and it is admitted, that at the time of giving the note, he received from plaintiff what is called a "scholarship bond" reciting the giving of the note, and also that "if he (defendant) shall pay said note with the interest therein specified, he shall be entitled to the benefits of tuition in said college annually, to an amount equal to the interest therein, in all the branches necessary to graduate in said institution, and it is further agreed that when one thousand scholarships have been secured, * * they shall be absolute and so continue for a period of fifty years, * * and the scholarship holder and his assigns shall be entitled to a deed of scholarship for that period of time."

On the trial defendant offered to show that plaintiff had rented out its college building to ignorant and incompetent teachers, who received their compensation from the tuition paid, that the school was very bad, and that the tuition therein would be an injury rather than a benefit to pupils. This testimony was objected to, the objection sustained, judgment for plaintiff, and defendant appeals.

*Lacey & Shepherd* for the appellant.

*Seevers & Cutts* for the appellee.

WRIGHT, J.—The testimony was properly rejected. It is possible if defendant would pay his note according to his undertaking, plaintiff would be able to provide different teachers and establish a school of a better character. The very object seems to have been to secure an endowment. If those undertaking to raise the same all refuse or neglect to pay, it could hardly be expected that the school could be put into successful operation. Then again, it does not appear that the school of which defendant complains was conducted by the corporation (plaintiff). It rather appears that the buildings were rented to other persons.

If so, whatever the character or ability of the teachers was quite immaterial. And then, finally, plaintiff was to pay his note according to the terms of the bond before being entitled to the benefits of the tuition named. To defeat plaintiff's action by showing that a school in its building is not properly taught, while defendant with others withholds the means contemplated for and designed to give it a commencement and permanence, would seem to be the sheerest mockery.

Affirmed.